## DON BERRY v. STATE.

No. A-8613.   Jan. 12, 1934.
(28 Pac. [2d] 719.)

W. H. Loofbourrow and R. B. Loofbourrow, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, who will hereinafter be referred to as the defendant, was convicted of having possession and under his control a copper still and still worm, and was sentenced to serve 30 days in jail and pay a fine of $50 and cost, and appeals.

The testimony in this case shows that the sheriff and two other officers went to the farm of the defendant, and in his pasture on the farm about a half mile from the defendant's home found a complete still in operation. It was located in a draw in what is known as a dugout. There was some whisky and mash at or in the dugout.

The defendant denies any knowledge of the still being on his place, and considerable testimony is offered by the defendant to show the length of time he had resided in that community and his good character. Testimony was also introduced to show that roads going through the pasture led out in different directions.

The evidence for the state and the defendant was submitted to the jury under the instructions of the court as to the law applicable to the facts, and the jury, after hearing all of the evidence, the argument of counsel, and the instructions of the court as to the law applicable to the facts, found there was sufficient evidence to warrant it in finding the defendant guilty, and returned its verdict accordingly.

The defendant has assigned seven errors alleged to have been committed by the trial court, and alleges they are sufficient to warrant this court in reversing the judg-

ment. The brief of the defendant has been carefully studied in connection with the record in this case, and citations of authorities in defendant's brief have been read and studied to see whether or not the facts in the cases cited by the defendant were similar to the facts in this case. The facts in many of the cases cited by the defendant are not applicable to the facts in this case.

It is not disputed, in fact it is conceded, that before the jury is warranted in returning a verdict of guilty against a defendant the evidence must be such that the jury may reasonably and logically find the defendant guilty. In this case the jury had before it the facts that a still had been found in the pasture of the defendant, about one-half mile from the home of the defendant, where he had been residing for some time; that the pasture was used by the defendant and a part of the inclosure of the defendant's home place. A dugout had been constructed in this draw, and water had been provided for the still. No evidence was shown that any other person had ever been seen in the pasture hauling anything for the purpose of locating the still or manufacturing whisky. Under these facts and circumstances, there is sufficient evidence to warrant the jury in reasonably and logically concluding that the defendant was connected with the still found on his premises.

It would serve no useful purpose to further discuss the questions raised in this case. Suffice it to say that the record discloses that the defendant was accorded a fair and impartial trial, that the court properly instructed the jury as to the law applicable to the facts in this case, and this court, where there is any competent testimony to sustain the verdict of the jury, will not substitute its judgment for that of the jury.

The evidence is sufficient to sustain the judgment. There are no errors in the record sufficient to warrant a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.